**THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JACKSON PHILLIP MOSLEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **SOFYAN SAORI BEY, et al.** | ) |
| | ) |
| **Defendants.** | ) |

---

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the above captioned action, which was filed in the Superior Court of the District of Columbia, is hereby removed by Defendant Redline Productions Media Group, Inc. ("RPMG"), to the United States District Court for the District of Columbia. As grounds for removal, RPMG states as follows:

## BACKGROUND

1.     Plaintiff Jackson Phillip Mosley ("Mosley") commenced this action in the Superior Court of the District of Columbia: <u>Mosley v. Bey, et al.</u>, Case No. 2018 CA 007844 B ("Superior Court Action"). The litigation pertains to the internal management of RPMG and compensation that Mosley claims to be owed.

2.     The Complaint was filed in the Superior Court Action on November 6, 2018.

3.     Mosley filed a First Amended Complaint (the "Amended Complaint") on December 12, 2018. A copy of the Amended Complaint is attached hereto as **Exhibit A**.

4.     In addition to RPMG, the Amended Complaint names four other defendants: Sofyan Saori Bey, Blakely Ryan Waruszewski, Robert Gordon Lamond, III and Adam Campbell Zahn.

5.      On December 7, 2018, Mosley attempted to serve the Amended Complaint on RPMG by serving the law office of Perry Charnoff PLLC, which represents two of the defendants, but not RPMG. Perry Charnoff PLLC was not authorized to accept service on behalf of RPMG.

6.      On December 21, 2018, RPMG filed a Motion to Dismiss, pursuant to D.C. SCR-Civil Rule 12(b)(4) and 12(b)(5), for insufficient process and insufficient service of process. The Motion to Dismiss is attached as **Exhibit B**.

7.      On February 2, 2019, the D.C. Superior Court ordered Mosley to re-serve all defendants due to significant defects with service. The Order is attached as **Exhibit C**.

8.      On March 8, 2019, RPMG was served with the Summons and Amended Complaint via its registered agent.

9.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed because it has been filed within 30 days of receipt of the Summons and Amended Complaint.

10.     Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings served upon RPMG in the Superior Court Action, other than those attached hereto as Exhibits A-C, are attached hereto as **Exhibit D**.

11.     Pursuant to 28 U.S.C. § 1446(d), a Notice to Plaintiff of the Filing of Notice of Removal, attached as **Exhibit E**, and a copy of this Notice of Removal is being served upon Mosley and filed with the Clerk of the Superior Court of the District of Columbia this 27th day of March, 2019.

12.     This Court is located in the district within which the action is pending. 28 U.S.C. § 1441(a).

13.     RPMG removes this case based on diversity jurisdiction.

14.     All defendants consent to removal of the Superior Court Action to this Court.

## JURISDICTION EXISTS UNDER 28 U.S.C. § 1332

15.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, because there is complete diversity between all properly-joined parties and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

16.     **Plaintiff is a Citizen of the District of Columbia.** For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). As evidenced by Mosley's Amended Complaint, he is a District of Columbia resident. *See* Ex. A, Am. Compl. ¶ 1.

17.     **No Defendant Is a Citizen of the District of Columbia.** As alleged in the Amended Complaint, defendants Sofyan Saori Bey, Robert Gordon Lamond III, and Adam Campbell Zahn reside in Virginia. Ex. A, Am. Compl. ¶¶ 3-5. Defendant Blakely Ryan Waruszewski is named in the caption but never mentioned in the body of the Amended Complaint. He also resides in Virginia as evidenced by the service address listed in the caption. *See* Ex. A, Am. Compl.

18.     The Amended Complaint's allegation that RPMG is headquartered in the District of Columbia is incorrect. As set forth in the Declaration of Sofyan Saori Bey, **Exhibit F**, RPMG is a Delaware Corporation with its principal place of business in Virginia. *See Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (for diversity purposes, a corporation's principal place of business is its "nerve center" where a corporation's officers direct, control, and coordinate the corporation's activities). RPMG is registered to do business in the District of Columbia, but the District of Columbia is neither RPMG's principal place of business nor the place of its headquarters. Mosley appears to recognize that RPMG is not headquartered in the District of Columbia, as he filed a new Complaint in this Court on March 12, 2019 against Adam Campbell Zahn, Robert Gordon

Lamond, III, Sofyan Saori Bey and RPMG on the basis of diversity jurisdiction. *See* <u>Mosley v. Zahn, et al.</u>, Case No. 1:19-cv-695.

19.     Thus, complete diversity of citizenship exists between the Plaintiff and all the Defendants.

20.     In his Amended Complaint, Mosley does not specify a dollar amount for recovery. Mosley did, however, in the original Complaint, request damages in the amount of $2,980,000 and the transfer of a vehicle title to him worth approximately $95,000.

21.     Moreover, Mosley, in the Amended Complaint, seeks as one form of relief an Order requiring RPMG to "transfer the legal title" of a 2018 Tesla Model S to Plaintiff. *See* Am. Compl. at ¶ 21 and Am. Compl., Request for Relief and Damages, ¶ 4. A 2018 Tesla Model S's manufacturer's suggested retail price is $78,000. *See* **Exhibit G**.

22.     Pursuant to 28 U.S.C. § 1332(a), the amount in controversy exceeds the sum or value of $75,000 exclusive of interest or costs.

23.     Based on the foregoing, removal of the Superior Court Action to this Court is appropriate pursuant to 28 U.S.C. § 1441, *et seq.*

24.     If any questions arise as to the propriety of the removal of this action, RPMG requests the opportunity to present a brief and argument in support of its position that this case is removable.

WHEREFORE, Defendant Redline Productions Media Group, Inc., removes the Superior Court Action from the Superior Court for the District of Columbia to this Court and respectfully requests that this Court take jurisdiction of this civil action to the exclusion of any further proceedings in the Superior Court for the District of Columbia.

REDLINE PRODUCTIONS MEDIA
GROUP, INC.
by Counsel

Stephen D. Charnoff (D.C. Bar No. 502324)
Louise T. Gitcheva (D.C. Bar No. 1047201)
REES BROOME, PC
1900 Gallows Rd., Suite 700
Tysons Corner, VA 22182
scharnoff@reesbroome.com
lgitcheva@reesbroome.com
(703) 790-6233 (telephone)
(703) 356-0527 (facsimile)
*Counsel for Defendant Redline Productions
Media Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, pursuant to Fed. R. Civ. P. 5, a copy of this pleading was mailed by first-class mail, postage prepaid, this 27th day of March, 2019 upon:

> Jackson Mosley
> 2030 8th Street, NW
> #306
> Washington, D.C. 20001
> itsjmos@icloud.com
> *Plaintiff pro se*

and copies were, by consent, served by e-mail upon:

> Maria C. Simon, Esq.
> The Geller Law Group
> 4000 Legato Rd., Suite 1100
> Fairfax, Virginia 22033
> msimon@thegellerlawgroup.com
> *Counsel for Defendants Robert Gordon Lamond, III*
> *and Adam Campbell Zahn*

> Mikhael D. Charnoff, Esq.
> PERRY CHARNOFF PLLC
> 1010 N. Glebe Road, Suite 310
> Arlington, VA 22201
> mike@perrycharnoff.com
> *Counsel for Defendants Sofyan Saori Bey*
> *and Blakely Ryan Waruszewski*

> Stephen D. Charnoff (DC Bar No. 502324)
> REES BROOME, PC
> 1900 Gallows Rd., Suite 700
> Tysons Corner, VA 22182
> scharnoff@reesbroome.com
> (703) 790-6233 (telephone)
> (703) 356-0527 (facsimile)
> *Counsel for Defendant Redline Productions*
> *Media Group, Inc.*